| | |
|---|---|
| 1 | PHILLIP A. TALBERT |
| | United States Attorney |
| 2 | NIRAV K. DESAI |
| | JEREMY J. KELLEY |
| 3 | Assistant United States Attorneys |
| | 501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814 |
| | Telephone: (916) 554-2700 |
| 5 | Facsimile: (916) 554-2900 |
| 6 | Attorneys for Plaintiff |
| | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-0209 KJM |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| RODNEY FLUCAS,<br> aka Rodney Rochea Flucas,<br> aka Rodney Rochen Flucas,<br> aka Rodney J. Flucas, | |
| Defendant. | |

Plaintiff United States of America ("government"), by and through its counsel of record, and defendant Rodney Flucas ("defendant"), by and through his undersigned counsel of record, hereby jointly request, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that the Court approve the parties' stipulation and enter the proposed protective order below ("Protective Order") governing the disclosure by the government of certain documents and materials containing private and sensitive information, including information that relates to and identifies alleged victims in the case, personally identifying information, employment information, and financial records of numerous individuals including the defendant and third parties. By this stipulation, the parties agree and stipulate as follows:

1. WHEREAS, the defendant is charged in the current indictment with one count of transporting a minor with intent to engage in criminal sexual conduct in violation of 18 U.S.C.

§ 2423(a);

2. WHEREAS, the government possesses, and in the future may come into possession of, discovery and other materials in this case that contain, among other things, victim-related information, as well as personally identifying information, private financial information, employment information of the defendant and third parties;

3. WHEREAS, the government wishes to produce and/or make available to the defendant and his counsel the documents and information described above, or similar material that might come into the government's possession in the future, but believes that because of the nature of such documents and information, it is appropriate for the Court to enter a protective order containing the provisions below;

4. WHEREAS, such materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

5. WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charge in this case; and

6. WHEREAS, the defendant has counsel who wishes the opportunity to review the discovery and other materials;

The government and the defendant, by and through their respective counsel of record, hereby agree and stipulate to a Protective Order with the following provisions:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. Some materials to be provided or made available by the government to the defendant as discovery or out of an abundance of caution relate to, or contain private and sensitive information about, alleged victims and individuals other than the defendant, are not public information, and include, but are not limited to: investigative or agency memoranda or reports, witness statements, recorded interviews, and other documents and records reflecting individuals' employment information, private financial information, and other personally-identifying information, as well as sensitive victim-related

information.  Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.  This information is collectively referred to as the "Protected Discovery."

3. Such Protected Discovery materials shall be identified as being subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs, documents) themselves or in an accompanying cover letter.

4. The Protected Discovery produced or made available by the government pursuant to this Protective Order may be used by the defendant, the defendant's counsel, and any employees or agents of the defendant's counsel solely in the defense of this case and for no other purpose.  The Protected Discovery is now and will forever remain the property of the United States government.  The defendant's counsel will return the Protected Discovery to the government or certify that it has been shredded at the conclusion of the case, unless counsel believes he or she is otherwise required by ethical rule or opinion to retain the Protected Discovery.  If counsel believes he or she is subject to an ethical rule or opinion requiring retention of the Protected Discovery, he or she shall securely maintain that Protected Discovery consistent with the remaining terms of the Protective Order.

5. The defendant's counsel and the defendant shall not disclose any of the Protected Discovery directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

6. The Protected Discovery produced by the government shall not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

7. When providing the Protected Discovery materials to an authorized person, the defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order, provide a copy of the Protective Order, and advise that the authorized person must comply with the terms of this Protective Order.

8. The defendant and his counsel shall store the discovery in a secure place and shall use reasonable care to ensure that it is not disclosed to third persons in violation of the Protective Order.

9. In the event that the defendant obtains substitute counsel, the defendant's undersigned

counsel agrees to withhold the Protected Discovery materials from new counsel unless and until substituted counsel agrees to be bound by the Protective Order.

10. The defendant's counsel shall be responsible for advising his or her client, employees, and other members of the defense team of the contents of this Stipulation and the Protective Order.

11. This Stipulation and the Protective Order may be executed through counterpart signatures.

IT IS SO STIPULATED.

Dated: November 20, 2017         PHILLIP A. TALBERT
                                 United States Attorney

                                 /s/ Nirav K. Desai
                                 NIRAV K. DESAI
                                 Assistant United States Attorney

Dated: November 20, 2017         /s/ Mary Ann F. Bird
                                 (*as authorized on Nov. 20, 2017*)
                                 MARY ANN F. BIRD, ESQ.
                                 Counsel for Defendant
                                 RODNEY FLUCAS

## [~~PROPOSED~~] ORDER

The Court has reviewed the parties' proposed Stipulation and Protective Order and, for good cause shown, HEREBY ORDERS that the parties' proposed Stipulation and Protective Order is APPROVED with the above-stated terms.

IT IS SO ORDERED.

DATED: November 22, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE