McGREGOR W. SCOTT
United States Attorney
NIRAV K. DESAI
JEREMY J. KELLEY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>RODNEY FLUCAS,<br>  aka Rodney Rochea Flucas,<br>  aka Rodney Rochen Flucas,<br>  aka Rodney J. Flucas,<br><br>             Defendant. | CASE NO.  2:17-CR-0209 KJM<br><br>MOTION IN LIMINE NO. 2:  TO EXCLUDE EVIDENCE OF VICTIMS' SEXUAL BEHAVIOR OR PREDISPOSITION<br><br>DATE: May 21, 2018<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The United States of America ("government"), by and through its undersigned counsel, hereby moves this Court for an order excluding evidence of the victims' sexual behavior or predisposition.

## I.     BACKGROUND

The defendant, Rodney Flucas ("Flucas"), has repeatedly stated to his victims that the reason he sexually abused them was because he was preparing them for sexual activity with other men.[1]  Flucas has used the cover of the victims' alleged sexual behavior as a means of exploiting them and justifying his abuse.  For instance, PERSON 2's abuse began when she approached her father to tell him she was interested in a boy at school and asked Flucas about sex.  Flucas told PERSON 2 that he would not tell

---

[1] By "victims," the government refers to PERSON 1, PERSON 2, PERSON 3, PERSON 4, PERSON 5, and PERSON 6, as discussed in the government's motion in limine number one relating to the admission of evidence under Rules 414 and 404(b).

her, but would show her how to be safe. He then proceeded to take PERSON 2 into a bathroom where he told her to pull down her pants and then used a vibrator and dildo on her. PERSON 2 was thirteen years old at the time. When PERSON 2 later had a boyfriend during her junior year of high school, Flucas became jealous. Flucas "bash[ed]" PERSON 2 about having sex with her boyfriend and told PERSON 2 he was not raising "hoes." PERSON 2 has also expressed her concern that, knowing how her father operates, he will do anything he can to embarrass her during her testimony at trial, including by bringing up her sexual history in front of the jury.

Similarly, PERSON 4's abuse began when Flucas began questioning her about a boy. PERSON 4 told Flucas the boy was her boyfriend. From there, Flucas asked PERSON 4 about masturbation and told PERSON 4 to stay home from school, where he then began his sexual abuse of PERSON 4. PERSON 2 and PERSON 6 have also both related how Flucas would make them show their vaginas to him so he could see how "open" they were, which Flucas has stated to PERSON 2 was a means of determining whether she had been having sex with other men.

## II.   ARGUMENT

Given that the defendant has attempted to justify his sexual abuse of his daughters through reference to their sexual behavior, has engaged in witness and evidence tampering, and has already callously and perniciously attacked PERSON 2 in court filings as "a mentally ill person who is lying to police about her criminal involvement in a suicide attempt" (ECF 33), the government believes Flucas will do anything he can to attack his victims when they testify at trial. The government will be attentive during cross-examination of the victims and direct examination of defense witnesses, and will diligently raise objections to any impermissible or improper questioning.

The Federal Rules of Evidence forbid questioning the victims or presenting other evidence to prove (1) that the victims engaged in other sexual behavior or (2) the vitctims' sexual predisposition. Fed. R. Evid. 412(a). "Sexual behavior" is defined broadly to include all sexual conduct of the victims that precedes the date of trial. United States v. Torres, 937 F.2d 1469, 1472 (9th Cir. 1991). This rule was enacted to prevent the exact type of "degrading and embarrassing disclosure of intimate details" that the government believes the defense will attempt to elicit from the victims in this case. Id.

The only exception that Flucas might remotely rely on to introduce such evidence is that

Mot'n in Limine 2 re: Victims' Sexual Behavior
United States v. Flucas, No. 2:17-cr-0209 KJM

2

"evidence of specific instances of victim's sexual behavior may be introduced to prove that someone other than the defendant was the source of semen." Fed. R. Evid. 412(b)(1)(A). "The 'source of semen' exception," however, "is designed to permit evidence of sexual behavior which would tend to show that another individual was the donor of the semen found." Torres, 937 F.2d at 1473.

In this case, PERSON 2 was raped by her father on February 7, 2018. She was later examined at a hospital and a cervical swab was taken. Partial male DNA was recovered from the swab. Testing of the Y chromosome from the partial DNA sample showed it was consistent with Flucas. PERSON 2 has stated that she had sex with her boyfriend between four and six days before Flucas raped her on February 7, 2017, but DNA testing eliminated her boyfriend as the contributor of the Y chromosome recovered from cervical swab.

Evidence that PERSON 2 had sex with her boyfriend between four and six days before Flucas raped her is not probative that the semen recovered came from the boyfriend for two reasons. First, the prior sexual behavior "must have occurred within a reasonable time of the alleged rape" to be relevant. Torres, 937 F.2d at 1473. As the potential proponent of the evidence, it is Flucas's burden to show the court that four to six days is reasonably close to when he raped PERSON 2. See Fed. R. Evid. 412(c)(1)(A). Second, even if the timeframe were reasonable, DNA testing eliminated PERSON 2's boyfriend as a possible contributor of the male DNA recovered from the cervical swab. Accordingly, the fact that PERSON 2 and her boyfriend had sex has no probative value, and is therefore not admissible under Rule 412(b)(1)(A), because it cannot show PERSON 2's boyfriend "was the donor of the semen found." Torres, 937 F.2d at 1473.

In any event, the burden rests upon Flucas to specifically describe any evidence he believes is admissible under Rule 414 and to identify the purpose for the evidence. Fed. R. Evid. 412(c)(1)(A). Should Flucas move to admit any such evidence, the government will respond accordingly.

//

//

### III.  CONCLUSION

The Court should therefore enter an order precluding the defense from eliciting any testimony about the victims' other sexual behavior up to the time of trial or about the victims' perceived sexual predisposition under Rule 412(a).

Dated: May 7, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ JEREMY J. KELLEY
JEREMY J. KELLEY
NIRAV K. DESAI
Assistant United States Attorneys