Q
McGREGOR W. SCOTT
United States Attorney
NIRAV K. DESAI
JEREMY J. KELLEY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-0209 KJM |
| Plaintiff, | |
| v. | STIPULATION AND ORDER REGARDING DOCUMENTING AND PHOTOGRAPHING CCTV SETUP |
| RODNEY FLUCAS,<br>  aka Rodney Rochea Flucas,<br>  aka Rodney Rochen Flucas,<br>  aka Rodney J. Flucas, | |
| Defendant. | |

The United States of America ("government"), by and through its attorneys of record, Assistant

U.S. Attorneys (AUSA) Jeremy J. Kelley and Nirav K. Desai, and defendant Rodney Flucas, through his

attorney, Assistant Federal Defender (AFD) Douglas J. Beevers, hereby submit the following

stipulations and proposed order.

      1.     The court has granted the government's request to present the testimony of PERSON 3

by two-way closed circuit television (CCTV), subject to reserving the right to confer with PERSON 3

outside the presence of the jury and subject to potential voir dire of PERSON 3's therapist. (See ECF

132 at 11–15; ECF 138).

      2.     IT IS HEREBY STIPULATED that on June 8, 2018, counsel for both parties met with

court staff to review the setup for the CCTV testimony. The setup reviewed is as follows:

a)    PERSON 3 will testify from Courtroom 4 in the U.S. District Courthouse in Sacramento, California.  Present in the room with PERSON 3 will be AUSA Kelley for the United States, AFD Beevers for the defendant, and a court employee to handle the audiovisual equipment.  Courtroom 4 will be locked after these persons enter.  PERSON 3's live image will be displayed in Courtroom 3, where the jury, Judge, defendant, and public will be present.  The live image will be displayed on the following screens:  five monitors in the jury box; two monitors at government's counsel table; two monitors at defense counsel's table, including one monitor directly in front of the defendant and one in front of the defense investigator; one monitor at the counsel's lectern; a monitor at the Judge's bench; a monitor at the courtroom deputy's desk; and two 60-inch monitors toward the right and left sides of the courtroom well, facing outward toward the public gallery.

b)    In Courtroom 4, a live feed will be shown on split-screens, half a close-up of the Judge and half a close-up of the defendant, on the following screens:  monitors at government counsel's table; monitors at defense counsel's table; and a monitor resting on the jury box located in front of and to the right of the witness, angled to face the witness, approximately six feet from the witness.  AUSA Kelley will make a record of the location of the monitor and PERSON 3's ability to see the monitor, such that it will be clear to the defendant and the jury when her head is turned toward the monitor.

c)    The defendant and AFD Beevers will communicate via landline phones; one will be located directly in front of AFD Beevers at counsel table in Courtroom 4, and one will be located directly in front of the defendant and defense investigator in Courtroom 3.  The Courtroom deputy identified post-it notes in front of the phones, with the extension numbers for the phones.  The phones will not ring, but will blink to indicate a need to communicate.  AFD Beevers will also have opportunities to check with the defendant as to any follow up matters, as a functional equivalent to how it would work in court.  AFD Beevers practiced using the phones to ensure it worked for him and that no conversation was picked up on the microphone system.  AFD Beevers' use of the phone that he will use to communicate with his client was not audible through the microphone system.

2

STIPULATION AND ORDER
UNITED STATES V. FLUCAS, NO. 2:17-CR-0209 KJM

d)      In Courtroom 3, all microphones at defense counsel's table will be muted.  The remaining microphones will function as they otherwise normally function.  In Courtroom 4, all microphones will be muted except for the witness's microphone, the microphone at counsel's lectern, and one microphone at government's counsel table.  The parties and court staff tested the microphones to be used in each courtroom.  Those speaking into unmuted microphones in Courtroom 3 were clearly audible in Courtroom 4.  Those speaking into unmuted microphones in Courtroom 4 were clearly audible in Courtroom 3.

e)      Paper exhibits will be used in both courtrooms so as to not interfere with the live video feed on the monitors normally used to display exhibits.

f)      While PERSON 3 is testifying on direct and re-direct, AFD Beevers will object audibly and AUSA Kelley will cease talking and, if PERSON 3 is speaking or attempting to speak, raise his hand or otherwise direct her to stop talking.  AUSA Kelley will ensure that that PERSON 3 is made aware of the need to stop talking as soon as an objection is stated.  Counsel and court staff tested this manner of objecting as if live in court, and AFD Beever's voiced objections were clearly audible in Courtroom 3 through the microphones at the lectern and government counsel table in Courtroom 4, despite the microphone at defense counsel's table in Courtroom 4 being muted.  If a speaking objection is required, AFD Beevers can speak from government counsel's table using an unmuted microphone in Courtroom 4 until the objection is resolved.

3.      IT IS ALSO HEREBY STIPULATED that the parties wish to document the setup for the record by taking photographs of the setup prior to PERSON 3's testimony and lodging them with the Court.

//

//

//

STIPULATION AND ORDER
UNITED STATES V. FLUCAS, NO. 2:17-CR-0209 KJM

1

2       Accordingly, the parties jointly request that the Court temporarily suspend the general

3   prohibition on photography in the courtrooms of the United States Courthouse, and permit the parties to

4   document the CCTV setup pursuant to Local Rule 173(b) and under such conditions as the Court may

5   impose.  The parties also request leave of the Court to lodge a reasonable number of photographs with

6   the Court to be included in the record of this case.

7

8    Dated:  June 10, 2018                                   McGREGOR W. SCOTT
                                                             United States Attorney

9                                                    By:  /s/ JEREMY J. KELLEY
                                                             JEREMY J. KELLEY
10                                                           NIRAV K. DESAI
                                                             Assistant United States Attorneys
11

12   Dated:  June 10, 2018
                                                     By:  /s/ DOUGLAS J. BEEVERS
13                                                           DOUGLAS J. BEEVERS
                                                             Assistant Federal Defender
14                                                           Attorney for Defendant RODNEY FLUCAS

15                                            ORDER

16      Pursuant to the parties' stipulation and request, and Local Rule 173(b), IT IS HEREBY

17   ORDERED that the parties may take photographs of Courtrooms 3 and 4 on Monday, June 11, 2018, for

18   the purpose of documenting the CCTV setup to be used while PERSON 3 is testifying.  The parties may

19   also lodge with the Court a reasonable number of photographs taken on June 11, 2018, to be made part

20   of the record in this case.

21

22      IT IS SO ORDERED this 11th day of June, 2018.

23

24                                                   _____
                                                     UNITED STATES DISTRICT JUDGE
25

26

27

28