UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-CR-0209 KJM |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| RODNEY FLUCAS, | |
| Defendant. | |

Dated: June 19, 2018.

_____
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

INSTRUCTION NO. 2

2          The indictment is not evidence.  Mr. Flucas has pled not guilty to the charges.  Mr. Flucas

3    is presumed to be innocent unless and until the government proves him guilty beyond a

4    reasonable doubt.

INSTRUCTION NO. 3

You are here only to determine whether Mr. Flucas is guilty or not guilty of the charges in the indictment. Mr. Flucas is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 4

You have heard some evidence that Mr. Flucas committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of Mr. Flucas's intent, absence of mistake, lack of accident, motive, opportunity, plan, and modus operandi, but remember that he is not on trial for any of those other acts.

1

INSTRUCTION NO. 5

2    Because of the presumption of innocence, Mr. Flucas does not have to prove innocence.

3 The burden of proof is always on the government and never shifts to Mr. Flucas.

4    The burden on the government is to prove every element of the charges beyond a

5 reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that

6 Mr. Flucas is guilty.  It is not required that the government prove guilt beyond all possible doubt.

7    A reasonable doubt is a doubt based upon reason and common sense and is not based

8 purely on speculation.  It may arise from a careful and impartial consideration of all the evidence,

9 or from lack of evidence.

10    If after a careful and impartial consideration of all the evidence, you are not convinced

11 beyond a reasonable doubt that Mr. Flucas is guilty, it is your duty to find him not guilty.

12 However, if after a careful and impartial consideration of all the evidence, you are convinced

13 beyond a reasonable doubt that Mr. Flucas is guilty, it is your duty to find him guilty.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 6

Mr. Flucas has testified. You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 7

The evidence you are to consider in deciding what the facts are consists of:

       (1) the sworn testimony of any witness;

       (2) the exhibits received into evidence; and

       (3) any facts to which the parties have agreed.

INSTRUCTION NO. 8

The parties have stipulated to the content of certain witness testimony, and that stipulation was read to you.  The content of that testimony is now before you as evidence in this case.

# INSTRUCTION NO. 9

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Summaries were shown to you as demonstratives in order to help explain the evidence in the case.  These summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the summaries and determine the facts from the underlying evidence.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 10

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the witness's opportunity and ability to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 12

You have heard testimony that Mr. Flucas made certain statements. It is for you to decide (1) whether Mr. Flucas made the statements, and (2) if so, how much weight to give each of them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which Mr. Flucas may have made each one.

INSTRUCTION NO. 13

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

14

INSTRUCTION NO. 14

The testimony of a minor in this case, referred to as Person 3, was taken by two-way closed-circuit television.  The law allows for this type of procedure when a minor is alleged to be the victim of a crime.  You may not consider for any purpose why the procedure was used.  It should not even be mentioned during deliberations.

INSTRUCTION NO. 15

An act is done knowingly if a person is aware of the act and does not act through ignorance, mistake, or accident.  Here, the government is not required to prove that Mr. Flucas knew his acts or omissions were unlawful.  You may consider evidence of Mr. Flucas's words, acts, or omissions, along with all the other evidence, in deciding whether Mr. Flucas acted knowingly.

# INSTRUCTION NO. 16

The intent of a person at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person intended at a particular time, you may consider any statements made or acts committed by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.

INSTRUCTION NO. 17

2          Mr. Flucas is charged in Count One of the indictment with transporting Persons 1, 2 and 3

3     with intent that each minor engage in any sexual activity for which any person can be charged

4     with a criminal offense, in violation of Section 2423(a) of Title 18 of the United States Code.

5     Person 1, 2 and 3 are ████████ and ████, respectively.

6          For Mr. Flucas to be found guilty of this charge, the government must prove each of the

7     following elements beyond a reasonable doubt:

8          (1) Between on or about August 7, 2015, and on or about August 17, 2015, Mr. Flucas

9     knowingly transported Person 1, 2 and/or 3 from Oregon to California, with all of you agreeing

10    on which one or more of those three persons were transported; and

11         (2)  Mr. Flucas did so with the intent that Person 1 engage in unlawful sexual intercourse

12    and/or oral copulation as defined under California law; and/or he did so with intent that Person 2

13    and/or Person 3 engage in unlawful sexual intercourse, oral copulation and/or incest as defined

14    under California law, with all of you agreeing on which sexual act or acts Mr. Flucas intended to

15    commit; and

16         (3) The person transported was, or the persons transported were, under the age of eighteen

17    years at the time of that transportation.

18         Under California law, a person can be charged with a criminal offense if he participates in

19    the following sexual activities:

20         (1) an act of sexual intercourse with a minor who is not the spouse of the perpetrator and

21    who is more than three years younger than the perpetrator;

22         (2) an act of oral copulation with a minor; or

23         (3) incest.

24         Under federal law and California law, a "minor" is anyone under age eighteen.

25         Under California law, "sexual intercourse" means any penetration, no matter how slight,

26    of the vagina or genitalia by the penis.  It is not a defense that the minor may have consented to

27    the intercourse.

28    /////

Under California law, "oral copulation" refers to any act that joins the mouth of one person with the sexual organ or anus of another person. It is not a defense that the minor may have consented to the act.

Under California law, as relevant here, "incest" occurs when someone has sexual intercourse with another person that he or she is related to.

INSTRUCTION NO. 18

Mr. Flucas is charged in Count Two of the indictment with transporting Person 4 with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense, in violation of Section 2421(a) of Title 18 of the United States Code. Person 4 is ███████.

For Mr. Flucas to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) Between on or about August 7, 2015, and on or about August 17, 2015, Mr. Flucas knowingly transported Person 4 from the State of Oregon to the State of California; and

(2) Mr. Flucas did so with the intent that Person 4 engage in incest, as defined under California law.

The same definitions of "incest" and "sexual intercourse" under California law provided as to Count One also apply to this count.

Mr. Flucas is charged in Count Three of the indictment with transporting Person 2 and Person 3 with intent that each minor engage in any sexual activity for which any person can be charged with a criminal offense, in violation of Section 2423(a) of Title 18 of the United States Code. Persons 2 and 3 are ███ and ███, respectively.

For Mr. Flucas to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) Between on or about June 16, 2015, and on or about August 5, 2015, Mr. Flucas knowingly transported Person 2 and/or Person 3 from one state to another state, including through California, with all of you agreeing on which person or persons, was or were transported; and

(2) Mr. Flucas did so with the intent that Person 2 engage in incest as defined under Georgia law, and/or with the intent that Person 3 engage in statutory rape, child molestation, and/or incest as defined under Georgia law, with all of you agreeing on which sexual act or acts Mr. Flucas intended to commit; and

(3) The person transported was, or persons transported were, under the age of eighteen years at the time of that transportation.

Under Georgia law, statutory rape is defined as sexual intercourse with a minor under age sixteen who is not the spouse of the perpetrator.

Under Georgia law "sexual intercourse" means any penetration, no matter how slight, of the vagina or genitalia by the penis. It is not a defense that the minor may have consented to the intercourse.

Under Georgia law, "child molestation" occurs when a person does any immoral act or indecent act to or in the presence of or with any child under the age of sixteen years with the intent to arouse or satisfy the sexual desires of either the child or the person.

Under Georgia law, "incest" occurs when someone engages in sexual intercourse with another person he knows he is related to.

INSTRUCTION NO. 20

With respect to Counts One and Three, the government does not have to prove that Mr. Flucas knew Person 1, Person 2 and/or Person 3 was under eighteen at the time she was transported. Furthermore, that Mr. Flucas may have been mistaken about, or ignorant of their age is not a defense to the violations alleged in Counts One and Three.

INSTRUCTION NO. 21

With respect to Counts One, Two and Three of the indictment, it is not a defense to the violations charged in those counts that a person consented to or willingly participated in her transportation from one state to another for the purpose of engaging in any sexual activity for which any person can be charged with a criminal offense.

INSTRUCTION NO. 22

Regarding Mr. Flucas's intent as relevant to Counts One, Two and Three, the government must prove beyond a reasonable doubt that criminal sexual activity was one of the dominant purposes, not merely an incidental purpose, for the transportation from one state to another. But the government need not prove that criminal sexual activity was the sole or exclusive purpose for the transportation. A person may have more than one dominant purpose for transporting others across a state line.

INSTRUCTION NO. 23

To find Mr. Flucas guilty of Counts One, Two and/or Three, the government must prove that Mr. Flucas intended that Person 1, 2, 3 and/or 4 engage in criminal sexual activity after transporting them from one state to another state, not that anyone actually engaged in such conduct.

INSTRUCTION NO. 24

With respect to Counts One, Two and Three, the word "transport" includes the act of a defendant willfully causing a person or individual to be transported across a state line. The government is not required to prove that the defendant personally transported the minor or individual across a state line.

Mr. Flucas is charged in Count Four of the indictment with attempted witness tampering in violation of Section 1512(b)(2)(B) of Title 18 of the United States Code.  For you to find him guilty on this charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) On or about November 2, 2017, Mr. Flucas (a) attempted to knowingly corruptly persuade another person, and (b) had the intent to cause or induce that other person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; and

(2) Mr. Flucas did something that was a substantial step toward committing the crime and that strongly corroborated his intent to commit the crime.  Mere preparation is not a substantial step.  To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.  Here, you do not need to agree unanimously as to which particular act or acts constituted a substantial step toward the commission of a crime.

A person acts corruptly when he acts with some consciousness of wrongdoing.

The term "official proceeding" means a proceeding before a judge or court of the United States, a United States Magistrate Judge, or a federal grand jury.  An official proceeding need not be pending or about to be instituted at the time of the offense.  The government is not required to prove that Mr. Flucas knew that the official proceeding was before a judge or court of the United States, a United States Magistrate Judge, or a federal grand jury.

INSTRUCTION NO. 26

A separate crime is charged against Mr. Flucas in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 27

The indictment charges that the offenses alleged in each of Counts One, Two, Three and Four were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in Counts One, Two, Three and Four of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date or dates charged.

INSTRUCTION NO. 28

You have heard certain legal terms during this case. The parties agree that the following two terms are defined as follows:

"Statute of limitations" means a law establishing a time limit for prosecuting a crime based upon the date when the offense occurred.

"Extradition" means the official surrender of an alleged criminal by one state or country to another having jurisdiction over the crime charged.

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community. It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 30

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

INSTRUCTION NO. 31

Some of you have taken notes during the trial. But you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 32

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against Mr. Flucas beyond a reasonable doubt.

INSTRUCTION NO. 33

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Mr. Flucas, until after you have reached a unanimous verdict or have been discharged.