UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY FLUCAS,<br><br>Defendant. | No. 2:17-CR-0209 KJM<br><br><br><br>ORDER |

Defendant moves under Rule 15(a)(1) to depose prospective witness, Vanessa[1] Flucas, to preserve her testimony for trial. Mot., ECF No. 288; *see* Fed. R. Crim. P. 15(a)(1). He further requests the court allow him to introduce at trial Ms. Flucas's "videotaped testimony and/or audio recording of the deposition by telephone as authorized in Fed. R. Civ. P. 30(b)(3)." Mot. at 2; *see* Fed. R. Crim. P. 15(e) ("Unless these rules or a court order provides otherwise, a deposition must be taken and filed in the same manner as a deposition in a civil action, . . . ."); Fed. R. Civ. P. 30(b)(3) ("Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means."). Defendant contends Ms. Flucas's deposition testimony is admissible at trial because she is a declarant "unavailable as a witness" within the meaning of Federal Rule of Evidence 804(a). Mot. at 2; *see* Fed. R. Evid. 804(a), (b)(1). Alternatively,

---

[1] The medical records defendant submits indicates this name may be spelled Vanassa.

1

defendant requests Ms. Flucas be permitted to testify by closed circuit video conference from a federal courtroom in Georgia where she currently resides, arguing such testimony would satisfy Rule 26. Mot. at 3; *see* Fed. R. Crim. P. 26 ("In every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072-2077.").

The court finds good cause to approve the latter proposal. Ms. Flucas is defendant's ex-wife and the mother of Person 2. Mot. at 3. The defense anticipates that Ms. Flucas will testify that she lived with defendant as his wife for three of the years at issue in this case. *Id.* at 3-4. During that period, Ms. Flucas resided in the home where the defendant allegedly sexually abused Persons 2, 3, 4 and 5. *Id.* at 4. Defendant expects Ms. Flucas to testify that "she never observed any suspicious conduct involving any of the 5 alleged victims," that Person 2 visited her shortly before Person 2 was allegedly transported from Oregon to California, and that Person 2 "was always told she could come back to Georgia to live with her." *Id.* The defense contends this testimony "is essential to rebut the Government's allegations that Defendant exercised total control over the lives of the children." *Id.*

Approximately three weeks before this trial commenced, defendant represents that Ms. Flucas was personally served with a subpoena in Valdosta, Georgia. *Id.* at 3. She notified the defense that she is willing to testify at a local federal court, but is unable to testify in light of an injury; on September 13, 2018, she submitted to the defense a letter from her physician advising that she is "unable to attend [trial in California] until weeks after surgery." *Id.* At the court's direction, the defense submitted a copy of that letter and accompanying medical documentation for in camera review. *See* ECF No. 290 (defense request to seal letter containing medical records and other personal identifying information). The court GRANTS defendant's motion to seal and, after conducting an in camera review, confirms the contents of the letter and medical records.

/////
/////
/////

At hearing on September 14, 2018,[2] the defense confirmed it was able and willing to arrange for Ms. Flucas to testify by videoconference from the United States District Court in Macon, Georgia.

Notwithstanding the requirement set forth in Federal Rule of Criminal Procedure 26 that "the testimony of witnesses [] be taken in open court," courts have permitted witnesses to testify remotely in certain situations. *See, e.g.*, *United States v. Swisher*, 360 Fed. App'x 784, 786 (9th Cir. 2009) (affirming district court's ruling allowing defense witness unable to testify in person to testify by telephone at the defendant's request); *United States v. Fox*, No. CR16-0100-JCC, 2018 WL 1517674, at *1-2 (W.D. Wash. Mar. 28, 2018) (permitting incarcerated defense witness to testify by videoconference because witness "would endure some hardship were he forced to testify in trial under a *writ of habeas corpus ad testificandum*"); *United States v. Smith*, No. 1:09CR100, 2010 WL 5211498, at *2 (W.D.N.C. Dec. 16, 2010) (permitting defense witness to testify by videoconference from local federal court if sworn as a witness by a local deputy clerk).

Live testimony is required principally to protect a criminal defendant's right to confront witnesses against him. *See* U.S. Const. amend. VI; *see also United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (discussing generally criminal defendant's Sixth Amendment right to confront adverse witnesses at trial and preference for live testimony). But the Confrontation Clause "applies to 'witnesses' against the accused." *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). Here, defendant contends Ms. Flucas's testimony is exculpatory and crucial to his defense and thus provides no basis for the court to treat her as an adverse witness. *See* Mot. at 4. Moreover, the general preference for live testimony, which permits the jury to observe a witness's demeanor while testifying, *see Yida*, 498 F.3d at 950-51, is somewhat mitigated where "video-

---

[2] The defendant refused to appear for this hearing. Defense counsel represented at hearing that defendant had personally signed a waiver of his appearance for this hearing only. *See* ECF No. 289. The court accepted the waiver as stated on the record, based on Federal Rule of Criminal Procedure 43(b)(3) ("A defendant need not be present . . . [when] [t]he proceeding involves only a conference or hearing on a question of law.") and 43(c)(1)(A) ("A defendant who was initially present at trial, . . . waives the right to be present . . . . when the defendant is voluntarily absent after the trial has begun, . . . .").

conferencing would allow the jury and Government to see the witness's demeanor during [her] testimony," *see Fox*, 2018 WL 1517674, at *2.

At hearing, the government opposed defendant's motion, arguing Ms. Flucas's testimony that she did not witness or suspect any alleged abuse is of little probative value and may impermissibly suggest the alleged victims, particularly Person 2, deserve blame for any abuse suffered. *See* Fed. R. Evid. 403. The court OVERRULED the government's Rule 403 objection at hearing; because credibility of the witnesses in this case is a critical question to be resolved by the jury, Ms. Flucas's testimony as proffered is probative and the court can address any prejudicial testimony a party may seek to elicit by sustaining objections. The government also stated its preference for remote testimony provided live from another court, as opposed to deposition testimony, and noted it had identified no authority prohibiting such testimony under these circumstances.

Accordingly, in the interests of justice, the court will permit Ms. Flucas to testify by videoconference from the federal district court in Macon, Georgia, provided she is sworn as a witness by a local deputy clerk of the court who remains present throughout her testimony. The defense is responsible for making all necessary arrangements in both the Macon, Georgia district court and this court. With these clarifications, defendant's motion is GRANTED.

IT IS SO ORDERED.

DATED: September 14, 2018.

_____
UNITED STATES DISTRICT JUDGE