UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:17-cr-00209-KJM |
| Plaintiff, | ORDER |
| v. | |
| Rodney Flucas, | |
| Defendant. | |

For the reasons below, defendant Rodney Flucas's motions to vacate, correct or set aside his conviction and sentence are **denied**.

I.   BACKGROUND

The government charged Flucas with two counts of transporting a minor with the intent to engage in criminal sexual activity, one count of transporting an adult with the intent to engage in criminal sexual activity, and one count of attempted witness tampering. *See generally* Third Superseding Indictment, ECF No. 58. In support of the first two charges, the government alleged Flucas had knowingly transported four victims in interstate and foreign commerce "in the County of San Joaquin, within the State and Eastern District of California, and elsewhere." *Id.* at 1–2. The government alleged similarly in the third charge, identifying Modoc County in this charge instead of San Joaquin County. *Id.* at 3.

The case proceeded to trial in June 2018. *See* Mins., ECF No. 130. The jury reached a unanimous guilty verdict on the attempting witness tampering charge, but could not reach unanimous verdicts on the three transportation charges. *See* Verdict (June 26, 2018), ECF No. 187. The court declared a mistrial on those charges, Mins., ECF No. 184, and the retrial began in September 2018, but on the first two counts only, as the government had moved to dismiss the third count, *see* Mins., ECF No. 277; Order (Aug. 28, 2018), ECF No. 254.

After the parties presented their cases, the court instructed the jury it could find Flucas guilty of the first charge only if the government proved, among other things, that "Mr. Flucas knowingly transported [the three alleged victims] from Oregon to California." Final Jury Instr. No. 15, ECF No. 302; *see also* Trial Tr. (Day 11) at 1745. The court instructed the jury similarly with respect to the second charge: it could find Mr. Flucas guilty only if the government proved, among other things, that he "knowingly transported [the alleged victim] from the State of Oregon to the State of California." Final Jury Instr. No. 17; *see also* Trial Tr. (Day 11) at 1747. The jury reached a unanimous guilty verdict on both of these counts. *See* Verdict (Sept. 20, 2018), ECF No. 308.

The court held a sentencing hearing the next February. *See* Sent. Hr'g Mins., ECF No. 352. The Probation Office prepared a presentence investigation report (PSR), which included recommendations and calculations related to the advisory Guidelines sentencing ranges. *See* PSR, ECF No. 339 (sealed). Two portions of the PSR are relevant here. First, the PSR applied the special instruction in § 2G1.3(d)(1). *See* PSR at 9 (citing the 2018 Manual). Under that section, if an offense "involved more than one minor," then the Guidelines provisions on multiple counts "shall be applied as if the . . . transportation to engage in . . . prohibited sexual conduct of each victim had been contained in a separate count of conviction." U.S.S.G. § 2G1.3(d)(1) (2018) (citing U.S.S.G Chapter Three, Part D—Multiple Counts). Application of this instruction increased the recommended offense level. *See* PSR ¶ 85. Second, the PSR applied the enhancement in § 4B1.5(b)(1). *See* PSR ¶ 89. Under that section, when "the defendant's instant offense of conviction is a covered sex crime, . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct," five levels are added to the defendant's offense

2

level. U.S.S.G. § 4B1.5(b)(1) (2018). Flucas objected to the application of these provisions in his formal objections and in his sentencing memorandum. *See* Def.'s Formal Objs. at 2, ECF No. 340; Def.'s Sent. Mem. at 3, ECF No. 344. He argued these provisions resulted in "unreasonable double counting." Def.'s Sent. Mem. at 3. The court overruled these objections and imposed a total term of life imprisonment. *See* Am. J. & Commitment, ECF No. 399; Sent. Hr'g Tr. at 58 ("I'm overruling the double-counting objection based on the state of the law, so that's clear."); *see also id.* at 78 (addressing this argument again).

The Ninth Circuit affirmed Flucas's conviction on appeal. *See United States v. Flucas*, 22 F.4th 1149 (9th Cir. 2022); No. 19-10065, 2022 WL 201045 (9th Cir. Jan. 21, 2022). Flucas did not make arguments about the sufficiency of the indictment, its jurisdictional allegations or his sentencing on appeal.

In September 2023, Flucas filed a pro se motion under 28 U.S.C. § 2255. ECF No. 415. The court appointed counsel to represent him, and counsel filed an amended motion on his behalf. *See* Am. Mot., ECF No. 428. Flucas made three arguments in his amended motion:

- The indictment did not allege he transported anyone in interstate or foreign commerce, as required by §§ 2421(a) and 2423(a), but rather only within San Joaquin County, California. *Id.* at 6–9.
- The court's final jury instructions constructively amended the indictment by instructing the jury to decide whether Flucas transported the victims from Oregon to California. *Id.* at 9–10.
- His sentence violates the Double Jeopardy Clause by imposing a duplicative punishment for the same prohibited acts under the sentencing provisions summarized above, i.e., conduct involving more than one minor and a pattern of activity. *Id.* at 10–13.

The government opposes the motion. ECF No. 433. It argues Flucas forfeited his claims because he did not raise them on direct appeal, and it argues those claims are meritless in any event.

3

Flucas did not reply to the government's opposition; he instead amended his motion further to include an additional claim based on the allegedly ineffective assistance of his trial and appellate counsel. *See* Second Am. Mot., ECF No. 440. He argues counsel should have argued the indictment was insufficient in both this court and on appeal, and he contends similarly that his counsel should have contended the jury instructions constructively amended the indictment. *See id.* at 12–13. He does not raise an ineffectiveness argument based on his sentencing. The government opposes Flucas's amended motion, which it construes as an implied request to amend. *See* Opp'n Mot. Am. at 1, ECF No. 443. The government argues the new claim, i.e., for ineffective assistance of counsel, is untimely and futile in any event. *See id.* at 5–8.

## II. ANALYSIS

A motion to correct or set aside a sentence under § 2255 "cannot substitute for an appeal." *United States v. Draper*, 84 F.4th 797, 801 (9th Cir. 2023). If a defendant does not raise a claim in a direct appeal, that claim is "procedurally defaulted," and the defendant can include it in a § 2255 motion "only if he can demonstrate either cause and actual prejudice or his actual innocence." *Id.* "Cause" in this sense means "cause for why he did not object to or directly appeal the alleged error." *United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021). "Prejudice" means "actual prejudice resulting from the error to overcome that default." *Id.* And actual innocence is "not mere legal insufficiency" of the charges or evidence, but rather proof that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Under these rules, arguments about "irregularities" in an indictment and about the sufficiency of its allegations "must be attacked on direct appeal." *Cummins v. United States*, 368 F.2d 819, 820 (9th Cir. 1966). There is an exception for indictments that are so "fatally defective as to deprive the court of jurisdiction," *Fiano v. United States*, 291 F.2d 113, 114 (9th Cir. 1961)(per curiam), but "courts have consistently determined that the jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction" that can be raised for the first time in a post-conviction motion, *United States v. Ratigan*, 351 F.3d 957,

4

963 (9th Cir. 2003). And so, here, because Flucas made no arguments about the indictment's allegations or constructive amendments during the direct appeal, he procedurally defaulted on those claims. Nor did Flucas raise his current sentencing arguments during his direct appeal. He does not offer any cause for not doing so, and he does not attempt to show resulting prejudice or his innocence.

Even if this court were to reach the substance of Flucas's claims, the result would be the same. First, the indictment alleged Flucas transported his victim in "interstate or foreign commerce" during a specific ten-day period in August 2015. Its allegations tracked the terms of the relevant statutes. *See* 18 U.S.C. § 2421(a) (imposing liability on those who "knowingly transport[] any individual in interstate or foreign commerce"). Flucas cites no authority requiring more specific allegations than this, and the court is aware of none. Second, the jury instructions did not constructively amend the indictment by identifying the specific states in question, i.e., Oregon and California. As the government correctly notes, the constructive amendment doctrine "only applies to the broadening, rather than the narrowing, of indictments." Opp'n at 18 (quoting *United States v. Wilbur*, 674 F.3d 1160, 1178 (9th Cir. 2012)). And third, as for sentencing, the enhancements imposed did not violate the Double Jeopardy Clause or impermissibly double count the same conduct. They punished separate and unique wrongs: engaging in a pattern of criminal conduct and harming multiple victims. *See United States v. Gallegos*, 613 F.3d 1211, 1216–17 (9th Cir. 2010) (affirming application of similar but distinct Guideline sentencing adjustments that "serve separate and distinct purposes"); *see also United States v. Norris*, 526 F. App'x 726, 727 (9th Cir. 2013) (unpublished) (applying this reasoning and rejecting similar double-counting arguments based on grouping and pattern of activity).

As noted, Flucas also argues his trial and appellate counsel offered ineffective assistance by making no arguments about the indictment's jurisdictional allegations, the specific states in which the crimes occurred, and the court's related jury instructions. To show an attorney provided ineffective assistance, Flucas would have to show both that the attorney's performance fell below the standard of what is constitutionally required and that the representation prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–89, 693–94 (1984). "Prejudice," in

5

this context, refers to "a reasonable probability that . . . the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Even assuming an effective attorney would have made arguments about the indictment's allegations and the jury instructions, Flucas could not show there was any likelihood of a different outcome. There was no confusion at any point. The relevant events took place in interstate commerce in California and Oregon. *See, e.g.*, 22 F.4th 1150–53 (summarizing allegations and trial evidence). Flucas does not explain what advantage or benefit he would have secured if his attorney had pressed for more specific allegations. The government is correct that amending the pending habeas petition would be an exercise in futility. *See* Opp'n Mot. Am. at 7. It is not necessary to consider whether Flucas waited too long to assert a claim based on ineffective assistance. *Cf. id.* at 8 (arguing amendment would be untimely).

### III. CONCLUSION

The motions at ECF Nos. 415, 428 and 440 are **denied**.

IT IS SO ORDERED.

DATED: December 17, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE